United States District Court
Southern District of Texas
**ENTERED**
April 12, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRISTAN OMARR ARMSTRONG, § § | |
| Plaintiff, § § | |
| V. § | CIVIL ACTION NO. H-17-3194 |
| § | |
| BEXAR COUNTY, TEXAS; UNIVERSAL § CITY, TEXAS; and UNIVERSAL CITY § POLICE DEPARTMENT, § § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Defendants Universal City and Universal City Police Department's Motion to Dismiss (Document No. 10), Defendant Bexar County's Motion to Quash Service and Motion to Dismiss (Document No. 15), and Plaintiff's responses to both, which have been filed as Motions to Deny Defendants' Motions (Document Nos. 12 & 16). Having considered Defendants' motions, Plaintiff's responses, the claims and allegations in Plaintiff's Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motions to Dismiss (Document Nos. 10 & 15) be GRANTED, that Plaintiff's Motions to Deny Defendant's Motions (Document Nos. 12 & 16) be DENIED, and that Plaintiff's claims against Defendants all be DISMISSED WITH PREJUDICE.

**Background**

This case was filed by Plaintiff Tristan Omarr Armstrong ("Armstrong") *pro se,* as a *pro se* plaintiff. His pleadings will be liberally construed. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). In his Complaint, filed on October 19, 2017, against Bexar County,

Texas, Universal City, Texas, and Universal City Police Department, Armstrong complains about events that occurred in May 2014, which led to charges of evading arrest, and defamation of his character thereafter. Armstrong purports to assert a claim under 42 U.S.C. § 1983. The allegations in his Complaint in support of that claim, sparse at best, are as follows:

> The facts underlying my claim(s) are, Universal City Police Department attempted to make contact with plaintiff at place of his mother's previous residence. Universal City Police Officer, David Gray accompanied by an additional patrolman claimed petitioner had active traffic violations administered by Universal City Municipal Court Judge, Charles Stubblefield and Universal City Police Warrant Officer, Jeremy Bellamy.
>
> Bexar County District Attorney's Office took the initiative to repetitively accuse litigant of Evading Arrest/Detention based on Universal City traffic violations. The culprits stigmatized complainant as a fugitive and issued an arrest warrant. However, litigant was enrolled at The University of Houston and previously sentenced under the same pretenses.
>
> Ironically, The Bexar County District Attorney's Office and Universal City Police Officers David Gray, Jorge Carmona and Jeremy Bellamy utilized the same infractions as trial court evidence in Bexar County's 226th District Court May 29, 2014. Unfortunately, all citations remain in warrant status and include an excessive fine after time was served.
>
> * * *
>
> In all petitioner has been inconvenienced through all educational endeavors and still under doctor's care. Thus, I, Tristan Omarr Armstrong request to have all outstanding infractions and conviction quashed, all personal and educational ambitions funded by defendants, my original military medical documents from trial May 29, 2014, monetary relief, exemplary relief, actual relief, punitive relief, and any relief the courts adjudge necessary. In addition to a jury trial if the courts deem necessary.

Complaint (Document No. 1) at 4, 5.

Defendants Universal City, Texas and Universal City Police Department seek dismissal of Armstrong's claims, arguing that res judicata bars his claims given his two previous lawsuits alleging

essentially the same claims against the same defendants, that the Universal City Police Department is not subject to suit because it has no separate legal existence, and that Armstrong's claims are barred by the applicable statute of limitations. Defendant Bexar County also seeks dismissal of Plaintiff's claims on the basis of res judicata and as foreclosed by the applicable statute of limitations. Nicholas Lahood, the Bexar County Criminal District Attorney, who Armstrong attempted to serve as agent of Bexar County in this case, also seeks to quash that service attempt, arguing that he is not the proper agent for service for Bexar County.

Armstrong has ostensibly responded to both motions, arguing that the statute of limitations does not bar his claims because his criminal case was closed on October 1, 2016, and the limitations period should commence on that date, and that, with regard to the Motion to Quash Service,

> Bexar County Criminal District Attorney, Nicholas LaHood is oblivious to the fact he's held liable for all erroneous torts within Bexar County, Texas. Particularly, those utilized during criminal prosecution. The Bexar County District Attorney's Office is a prime suspect in this personal injury suit. Indicating the district attorney as the proper agent of service for Bexar County, Texas.

(Document No. 16 at 1).

**Discussion**

42 U.S.C. § 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress...." "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989), *cert. denied*, 493 U.S.1019 (1990). To state a claim under § 1983, a plaintiff must (1) allege a violation of rights

secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting "under color of state law". *See Bass v. Parkwwod Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999); *Gomez v. Toledo*, 446 U.S. 635, 340 (1980) ("By the plain terms of § 1983, two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.").

As argued by Defendants, Armstrong has not and cannot state a claim against the Universal City Police Department. That is because it is a subdivision of the Universal City, *see* Universal City Municipal Code § 2-7-1 ("The law enforcement department of the City will be known as the Police Department"), and has no separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)("In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'"). Armstrong's claims against the Universal City Police Department are therefore subject to dismissal on that basis alone. *See e.g., Twine v. City of Houston*, No. H-08-1234, 2008 WL 4240157 *3 (S.D. Tex. Sept. 10, 2008) (dismissing claims against Houston Police Department for failure to state a claim) .

As for Armstrong's claims against Defendants Universal City, Texas and Bexar County, Texas, such claims are, as argued by Defendants, barred by both the doctrine of res judicata and by the applicable statute of limitations.

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). A claim is barred by res judicata when: "(1) the parties

4

are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* In determining whether "the same claim or cause of action was involved in both actions," the court looks to "whether the two actions are based on the 'same nucleus of operative facts.'" *Test Masters*, 428 F.3d at 571. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." *Hall v. Tower Land & Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975). In addition, regardless of the actual claims raised in an action, "[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication . . . " *Maxwell,* 544 Fed. App'x at 472 (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

As set forth by Defendants in their Motions, Armstrong has filed two other lawsuits complaining about the actions that led to his conviction for evading arrest in May 2014. The first was filed by Armstrong against Bexar County, Universal City and the Universal City Police Department in the 61st District Court of Harris County, Texas on January 29, 2016. The case was removed to the United States District Court for the Western District of Texas, Civil Action No. 5:16-CA-00292-OLG, and was dismissed with prejudice on May 17, 2016. The second was filed by Armstrong on March 9, 2017, against Nicolas LaHood, Bexar County District Attorney, Ken Taylor, Universal City Manager, Gary Speer, Universal City Police Department Chief, and Charles Stubblefield, Universal City Municipal Judge, in the United States District Court for the Southern District of Texas, Civil Action No. H-17-814. United States District Judge Lee Rosenthal dismissed Armstrong's claims with prejudice in an Order filed on June 21, 2017. This, Armstrong's third lawsuit against the same

Defendants, complaining about the same events, is barred by res judicata.

As for Defendants' limitations defense, claims under § 1983 brought in federal courts in Texas are subject to a two-year statute of limitations, with the limitations period commencing "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Heilman v. City of Beaumont*, 638 F.App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989) (citations omitted). As argued by Defendants, the events about which Armstrong complains occurred in 2014. This case was filed on October 17, 2017 – more than three years later. While Armstrong appears to argue that the limitations period should not be viewed as commencing until October 2016, because it was then that his conviction became final, that argument has no real relation to Armstrong's claims and allegations. Public records show that Armstrong was found guilty, by a jury, of evading arrest, and was sentenced to two years imprisonment. That occurred in May 2014. Armstrong appealed, his appellate attorney filed an *Anders* brief,[1] and Texas' First Court of Appeals affirmed the conviction on October 27, 2015. *Armstrong v. State*, No.

---

[1] In *Anders v. California*, 386 U.S. 738, 744 (1967), the Supreme Court set forth the procedure for appellate counsel to follow if counsel determines that there are no non-frivolous grounds for appeal:
> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744.

01-14-00560-CR, 2015 WL 6468527 (Tex. App.–Houston [1st Dist.] Oct. 27, 2015). Armstrong's petition for discretionary review was refused by the Texas Court of Criminal Appeals on February 3, 2016, and his petition for writ of certiorari was denied by the United States Supreme Court on April 18, 2016. *Armstrong v. Texas*, 136 S.Ct. 1669 (2016). While Armstrong is correct that his conviction was not final in 2014, his claims in this case have nothing to do with the appellate process and are solely related to the events leading up to his conviction. A statute of limitations commences when a plaintiff either knows or has reason to know of the injury/harm that forms the basis of his claims. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) ("The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action."). In this case, that would have been in 2014, prior to the date he was convicted of evading arrest. Armstrong's claims, raised in this case in late 2017 are, consequently, barred by the applicable statute of limitations.[2]

As for Nicholas LaHood's Motion to Quash Service, he has shown that service upon him is not effective service upon Bexar County. Pursuant to § 17.024(a) of the Texas Civil Practice and Remedies Code, "[i]n a suit against a county, citation must be served on the county judge." LaHood,

---

[2] Although not argued by Defendants, Armstrong's claims also appear to be foreclosed by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983.

Because Armstrong alleges in his Complaint that he is seeking compensatory damages as well as a quashing of his conviction, *Heck* also appears to foreclose Armstrong's claim(s).

who is the Bexar County *District Attorney*, is not the proper agent for service of process/citation for Bexar County. As such, LaHood's Motion to Quash should also be granted.

**Conclusion**

Based on the foregoing, and the conclusion that Plaintiff Tristan Omarr Armstrong has not, and cannot state a viable claim against any of the named Defendants relative to the events he complains about in this case given his two prior unsuccessful lawsuits, and that his attempt to serve Bexar County through Nicholas LaHood was not effective, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 10 & 15) be GRANTED, that LaHood's Motion to Quash Service (Document No. 15) be GRANTED, that Plaintiff's Motions to Deny Defendants' Motions (Document Nos. 12 & 16) be DENIED, and that Plaintiff's claims against Defendants all be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ___12th___ day of April, 2018.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE